```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ARTHUR MOORE, pro se,                   :
                                        :
                Petitioner,             :         **MEMORANDUM AND ORDER**
                                        :
        -against-                       :         09-CV-3708 (DLI)
                                        :
WARDEN,                                 :
                                        :
                Respondent.             :
----------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

Petitioner Arthur Moore brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is granted leave to proceed *in forma pauperis*. For the reasons set forth below, petitioner is directed to submit an affirmation, on or before May 24, 2010, showing cause why the petition should not be dismissed as time-barred.[1]

## BACKGROUND

On June 9, 1997, petitioner was convicted of rape, sexual abuse, incest, and endangering the welfare of a child, and was sentenced to an indeterminate term of 12 ½ to 25 years imprisonment. He appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department, which modified the judgment, and affirmed the conviction as modified on July 19, 1999. *See People v. Moore*, 263 A.D.2d 517 (2d Dept. 1999). His application for leave to appeal to the New York State Court of Appeals was denied on October 1, 1999. *See People v. Moore*, 94 N.Y.2d 799 (1999). Petitioner did not seek a writ for certiorari with the United States Supreme Court. At some point, petitioner also filed a petition for a writ of error *coram nobis*, which the

---

[1] On March 23, 2010, petitioner was originally ordered to show cause on or before April 22, 2010. (Docket Entry 2.) However, the Order was returned as undeliverable because petitioner had been transferred to a new detention facility, but failed to update the contact information maintained with the court. Petitioner is admonished that it is his responsibility to keep the court apprised of his current contact information.

Appellate Division denied on December 27, 2005. *See People v. Moore*, 24 A.D.3d 800 (2d Dept. 2005).[2]

The court received the instant Petition on August 12, 2009. Regarding the delay in initiating this action, petitioner alleges that his appellate counsel failed to inform him about his federal right to habeas review, and that the nature of his conviction made it difficult to find a prison law clerk to aid him in the preparation of his Petition, which he needed because of his limited education.

## DISCUSSION

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Petitioner asserts that he filed one or more motions pursuant to New York Criminal Procedure Law 440.10, which allegedly were decided on September 16, 1998, July 3, 2001 and June 17, 2002. The court has found no independent support this for these allegations.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for state post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (per curiam), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). *See also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief is time-barred. The New York State Court of Appeals denied leave to appeal the conviction on October 1, 1999, and petitioner did not seek a writ of certiorari from the United States Supreme Court. Accordingly, the judgment became final on December 30, 1999, when the time for seeking further review expired. If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until December 30, 2000 to file his petition.

On the record before the court, it does not appear that petitioner can benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). Further, it is not clear whether petitioner filed his state court application for a writ of error *coram nobis* or any other post-trial petition prior to the expiration of the limitations period on December 30, 2000. There is also no indication in the record of any relevant actions petitioner may have taken between December 27, 2005, when the writ of error *coram nobis* was decided, and August 12, 2009, when he filed the instant petition.

Accordingly, the petition may be time-barred unless there is a basis for equitable tolling of the statute of limitations. Equitable tolling is appropriate only where rare and exceptional circumstances prevented the petitioner from filing his application on time. Here, petitioner has asserted that his untimeliness should be excused on the basis of his ignorance of the law, his limited education, and his inability to get assistance from other individuals inside the prison. However, his ignorance of law and legal procedure and his lack of assistance from prison law clerks are not extraordinary circumstances that would entitle him to equitable tolling. *See e.g., Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of law and legal procedure is not an extraordinary circumstance to warrant equitable tolling); *Stokes v. Miller*, 216 F. Supp. 2d 169, 172-

73 (S.D.N.Y. 2000) (insufficiency of legal assistance, lack of education, and inability to receive meaningful assistance from prison library staff do not constitute "extraordinary" circumstances warranting equitable tolling). Accordingly, petitioner is directed to show cause by affirmation, on or before May 24, 2010, why the AEDPA statute of limitations should not bar the instant petition.[3] *See Day*, 547 U.S. at 209-10.

## **CONCLUSION**

For the reasons set forth above, petitioner is directed to show cause by affirmation, on or before May 24, 2010, why the AEDPA statute of limitations should not bar the instant petition. If petitioner believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case, or if he filed additional state-court petitions that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), or has additional grounds for equitable tolling of the statute of limitations, he shall present the supporting facts to the court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed until May 24, 2010, or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
April 19, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[3] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ARTHUR MOORE,                               :
                                            :
                Petitioner,                 :       **PETITIONER'S AFFIRMATION**
                                            :
        -against-                           :       09-CV-3708 (DLI)
                                            :
WARDEN,                                     :
                                            :
                Respondent.                 :
--------------------------------------------------------x
STATE OF NEW YORK       }
                        } ss:
COUNTY OF _____    }

      I, ARTHUR MOORE, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the court's Order dated April 19, 2010.  The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.    In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____         _____
                                                                  Signature

                                                            _____
                                                            Address

                                                            _____
                                                            City, State & ZIP