UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ARTHUR MOORE, *pro se*,       :
                              :
                  Petitioner, :     **SUMMARY ORDER**
                              :
        -against-             :     09-CV-3708 (DLI)
                              :
WARDEN,                       :
                              :
                  Respondent. :
---------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* petitioner Arthur Moore filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order dated March 23, 2010, the court directed petitioner to show cause within 30 days why the petition should not be dismissed as time-barred. The first Order having been returned as undeliverable, the court sent a replacement Order and extended the time to 30 days from April 19, 2010. The court received petitioner's Affirmation on May 24, 2010, but it fails to demonstrate that the instant petition is timely or that petitioner is entitled to statutory or equitable tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

In his May 20, 2010 Affirmation, petitioner asserts that the statute of limitations should not bar his petition because he was unaware of the statute of limitations and his defense counsel failed to inform him. He also attaches a hand-written copy of a test report, indicating a reading level of 3.2, and argues that this score and his "lack of legal training, grammer [sic] training and his appreciation for spelling, [and] the lack of such skills," made it "nearly impossible for Petitioner to present his argument in the mandated time frame." (Affirmation.)[1] However, petitioner's ignorance of law and legal procedure, and his lack of education, are not extraordinary circumstances that would entitle him to equitable tolling. *See e.g. Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance

---

[1] The pages of the Affirmation are not numbered and are not consecutive.

of law and legal procedure is not an extraordinary circumstance to warrant equitable tolling); *Stokes v. Miller*, 216 F. Supp. 2d 169, 172-73 (S.D.N.Y. 2000) (insufficiency of legal assistance, lack of education, and inability to receive meaningful assistance from prison library staff do not constitute "extraordinary" circumstances warranting equitable tolling). Nor does the alleged failure of his criminal defense counsel to inform him of the statute of limitations entitle petitioner to equitable tolling. *Melendez v. United States*, 2010 WL 1790415, at *3 (S.D.N.Y. May 5, 2010) ("The alleged mistake made by trial counsel in failing to inform Petitioner of the statute of limitations . . . is not an extraordinary circumstance. Indeed, it is not at all clear that trial counsel has a responsibility to affirmatively provide this information.").

As petitioner's affirmation fails to establish any grounds for statutory or equitable tolling of the statute of limitations, the court finds that the petition for a writ of habeas corpus is time-barred and must be dismissed. A certificate of appealability shall not issue, because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

Dated: Brooklyn, New York
      October 6, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge